# In the United States Court of Federal Claims

### OFFICE OF SPECIAL MASTERS
No. 12-613V
Filed: September 10, 2014
Not for Publication

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| PATRICK EDWARDS and JEANNETTE EDWARDS, as Legal Representatives of A.E., | \* \* \* \* |
| Petitioners, | \* |
| v. | \* \* \* |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | \* \* \* |
| Respondent. | \* \* |

Damages decision based on stipulation; influenza (flu) vaccine; seizures; acute demyelinating encephalomyelitis (ADEM)

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Mindy Michaels Roth, Glen Rock, NJ, for petitioners.
Alexis B. Babcock, Washington, DC, for respondent.

**MILLMAN, Special Master**

## DECISION AWARDING DAMAGES[1]

On September 10, 2014, the parties filed the attached stipulation in which they agreed to settle this case and described the settlement terms.   Petitioners allege that their daughter, A.E., developed seizures secondary to acute demyelinating encephalomyelitis ("ADEM") as a result of her receipt of influenza ("flu") vaccine on September 30, 2009.   Petitioners further allege that A.E. experienced the residual effects of this injury for more than six months.   Respondent denies

---

[1]  Because this unpublished decision contains a reasoned explanation for the special master's action in this case, the special master intends to post this unpublished decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, 116 Stat. 2899, 2913 (Dec. 17, 2002). Vaccine Rule 18(b) states that all decisions of the special masters will be made available to the public unless they contain trade secrets or commercial or financial information that is privileged and confidential, or medical or similar information whose disclosure would constitute a clearly unwarranted invasion of privacy.   When such a decision is filed, petitioners have 14 days to identify and move to delete such information prior to the document's disclosure.   If the special master, upon review, agrees that the identified material fits within the banned categories listed above, the special master shall delete such material from public access.

that the flu vaccine caused A.E.'s ADEM or her current disabilities.   Nonetheless, the parties agreed to resolve this matter informally.

The undersigned finds the terms of the stipulation to be reasonable.   The court hereby adopts the parties' said stipulation, attached hereto, and awards compensation in the amount and on the terms set forth therein.   Pursuant to the stipulation, the court awards:

a. a lump sum of **$467,885.98**, representing compensation for first year life care expenses ($57,570.98), partial lost future earnings ($227,720.41), and pain and suffering ($182,594.59).   The award shall be in the form of a check for **$467,885.98** made payable to petitioners as guardian(s)/conservator(s) of the estate of A.E. for the benefit of A.E; and

b. a lump sum of **$46,815.80**, representing compensation for past unreimbursable expenses. The award shall be in the form of a check for **$46,815.80** made payable to petitioners, Patrick Edwards and Jeannette Edwards; and

c. an amount sufficient to purchase the annuity contract described in paragraph 10 of the attached stipulation.   The award shall be paid to the life insurance company from which the annuity will be purchased.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[2]


**IT IS SO ORDERED.**


Dated: <u>September 10, 2014</u>                                             <u>s/ Laura D. Millman</u>
                                                                                            Laura D. Millman
                                                                                            Special Master

---

[2] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party, either separately or jointly, filing a notice renouncing the right to seek review.

## IN THE UNITED STATES COURT OF FEDERAL CLAIMS

## OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| PATRICK EDWARDS and JEANNETTE EDWARDS, as legal representatives of A.E., | ) ) ) ) |
| Petitioners, | ) No. 12-613V |
| v. | ) Special Master Millman ) |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | ) ) ) |
| Respondent. | ) |

STIPULATION

The parties hereby stipulate to the following matters:

1.  On behalf of their daughter, A.E., petitioners filed a petition for vaccine compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10 to 34 (the "Vaccine Program").  The petition seeks compensation for injuries allegedly related to A.E.'s receipt of the influenza ("Flu") vaccine, which vaccine is contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3 (a).

2.  A.E. received her influenza immunization on September 30, 2009.

3.  The vaccine was administered within the United States.

4.  Petitioners allege that A.E. sustained the first symptom or manifestation of her injury within one week of her immunization.  They further allege that she developed seizures secondary to acute demyelinating encephalomyelitis (ADEM) as a sequela of this injury, and that A.E. experienced residual effects of this injury for more than six months.

5.  Petitioners represent that there has been no prior award or settlement of a civil action for damages on behalf of A.E. as a result of her condition.

6. Respondent denies that the vaccine caused her ADEM and her current disabilities.

7. Maintaining their above-stated positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding the compensation described in paragraph 8 of this Stipulation.

8. As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioners have filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue the following vaccine compensation payments:

a. A lump sum of $467,885.98, which amount represents compensation for first year life care expenses ($57,570.98), partial lost future earnings ($227,720.41), and pain and suffering ($182,594.59), in the form of a check payable to petitioners as guardian(s)/conservator(s) of the estate of A.E. for the benefit of A.E.   No payments shall be made until petitioners provide respondent with documentation establishing that they have been appointed as the guardian(s)/conservator(s) of A.E.'s estate;

b. A lump sum of $46,815.80, which amount represents compensation for past unreimbursable expenses, in the form of a check payable to petitioners, Patrick Edwards and Jeanette Edwards;

c. An amount sufficient to purchase the annuity contract described in paragraph 10 below, paid to the life insurance company from which the annuity will be purchased (the "Life Insurance Company").

9. The Life Insurance Company must have a minimum of $250,000,000.00 capital and surplus, exclusive of any mandatory security valuation reserve.  The Life Insurance Company must have one of the following ratings from two of the following rating organizations:

a.     A.M. Best Company:  A++, A+, A+g, A+p, A+r, or A+s;

b.     Moody's Investor Service Claims Paying Rating:  Aa3, Aa2, Aa1, or Aaa;

c.     Standard and Poor's Corporation Insurer Claims-Paying Ability Rating:  AA-, AA, AA+, or AAA;

d.     Fitch Credit Rating Company, Insurance Company Claims Paying Ability Rating: AA-, AA, AA+, or AAA.

10.  The Secretary of Health and Human Services agrees to purchase an annuity contract from the Life Insurance Company for the benefit of A.E., pursuant to which the Life Insurance Company will agree to make payments periodically to petitioners, as the court- appointed guardian(s)/conservator(s) of the estate of A.E. for the following items of compensation:

a. For future unreimbursable Health Insurance MOP and Midazolam expenses, beginning on the first anniversary of the date of judgment, an annual amount of $6,471.00 to be paid up to the anniversary of the date of judgment in year 2071.  Thereafter, beginning on the anniversary of the date of judgment in year 2071, an annual amount of $471.00 to be paid for the remainder of A.E.'s life, all amounts increasing at the rate of five percent (5%), compounded annually from the date of judgment.

b. For future unreimbursable Medicare Part B Premium, Medigap F, and Medicare Part D expenses, beginning on the anniversary of the date of judgment in year 2071, an annual amount of $7,284.38 to be paid up to the anniversary of the date of judgment in year 2076.  Thereafter, beginning on the anniversary of the date of judgment in year 2076, an annual amount of $8,541.14 to be paid for the remainder of A.E.'s life, all amounts increasing at the rate of five percent (5%), compounded annually from the date of judgment.

c. For future unreimbursable Tutoring expenses, beginning on the first anniversary of the date of judgment, an annual amount of $6,900.00 to be paid up to the anniversary of the date of judgment in year 2025, increasing at the rate of four percent (4%), compounded annually from the date of judgment.

d. For future unreimbursable Medic-Alert System, Video Monitoring, and Transportation expenses, on the anniversary of the date of judgment in year 2024, a lump sum of $1,069.98.  Thereafter, beginning on the anniversary of the date of judgment in year 2025, an annual amount of $710.00 to be paid for the remainder of A.E.'s life, all amounts increasing at the rate of four percent (4%), compounded annually from the date of judgment.

e. For future unreimbursable Skilled Nursing and Respite expenses, beginning on the first anniversary of the date of judgment, an annual amount of $43,800.00 to be paid up to the anniversary of the date of judgment in year 2022, increasing at the rate of four percent (4%), compounded annually from the date of judgment.

f. For future unreimbursable Service Dog Training expenses, on the anniversary of the date of judgment in year 2022, a lump sum of $3,000.00.  Thereafter, beginning on the anniversary of the date of judgment in year 2023, an annual amount of $300.00 to be paid for the remainder of A.E.'s life, all amounts increasing at the rate of four percent (4%), compounded annually from the date of judgment.

3

 g. For future unreimbursable Service Dog Maintenance expenses, beginning on the anniversary of the date of judgment in year 2022, an annual amount of $1,200.00 to be paid for the remainder of A.E.'s life, increasing at the rate of four percent (4%), compounded annually from the date of judgment.

At the sole discretion of the Secretary of Health and Human Services, the periodic payments may be provided to the petitioners in monthly, quarterly, annual or other installments. The "annual amounts" set forth above describe only the total yearly sum to be paid to the petitioners and do not require that the payment be made in one annual installment. The petitioners will continue to receive the annuity payments from the Life Insurance Company only so long as A.E. is alive at the time that a particular payment is due. Written notice to the Secretary of Health and Human Services, the trustee, and the Life Insurance Company shall be provided within twenty (20) days of A.E.'s death.

 11. The annuity contract will be owned solely and exclusively by the Secretary of Health and Human Services and will be purchased as soon as practicable following the entry of a judgment in conformity with this Stipulation. The parties stipulate and agree that the Secretary of Health and Human Services and the United States of America are not responsible for the payment of any sums other than the amounts set forth in paragraph 8 herein and the amounts awarded pursuant to paragraph 12 herein, and that they do not guarantee or insure any of the future annuity payments. Upon the purchase of the annuity contract, the Secretary of Health and Human Services and the United States of America are released from any and all obligations with respect to future annuity payments.

 12. As soon as practicable after the entry of judgment on entitlement in this case, and after petitioners have filed both a proper and timely election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), and an application, the parties will submit to further proceedings

before the special master to award reasonable attorneys' fees and costs incurred in proceeding upon this petition.

13.  Petitioners and their attorney represent that compensation to be provided pursuant to this Stipulation is not for any items or services for which the Program is not primarily liable under 42 U.S.C. § 300aa-15(g), to the extent that payment has been made or can reasonably be expected to be made under any State compensation programs, insurance policies, Federal or State health benefits programs (other than Title XIX of the Social Security Act (42 U.S.C. § 1396 et seq.)), or by entities that provide health services on a pre-paid basis.

14.  Payments made pursuant to paragraph 8 and any amounts awarded pursuant to paragraph 12 of this Stipulation will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

15.  The parties and their attorneys further agree and stipulate that, except for any award for attorneys' fees and litigation costs, the money provided pursuant to this Stipulation will be used solely for the benefit of A.E. as contemplated by a strict construction of 42 U.S.C. §300aa-15(a) and (d), and subject to the conditions of 42 U.S.C. § 300aa-15(g) and (h).

16.  Petitioners represent that they presently are, or within 90 days of the date of judgment will become, duly authorized to serve as guardian(s)/conservator(s) of A.E.'s estate under the laws of the State of New Jersey.  No payments pursuant to this Stipulation shall be made until petitioners provide the Secretary with documentation establishing their appointment as guardian(s)/ conservator(s) of A.E.'s estate.  If petitioners are not authorized by a court of competent jurisdiction to serve as guardian(s)/conservator(s) of the estate of A.E. at the time a payment pursuant to this Stipulation is to be made, any such payment shall be paid to the party or parties appointed by a court of competent jurisdiction to serve as guardian(s)/conservator(s) of

the estate of A.E. upon submission of written documentation of such appointment to the Secretary.

17.  In return for the payments described in paragraphs 8 and 12, petitioners, in their individual capacities and as legal representatives of A.E., on behalf of themselves, A.E., and her heirs, executors, administrators, successors or assigns, do forever irrevocably and unconditionally release, acquit and discharge the United States and the Secretary of Health and Human Services from any and all actions or causes of action (including agreements, judgments, claims, damages, loss of services, expenses and all demands of whatever kind or nature) that have been brought, could have been brought, or could be timely brought in the Court of Federal Claims, under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300 aa-10 et seq., on account of, or in any way growing out of, any and all known or unknown, suspected or unsuspected personal injuries to or death of A.E. resulting from, or alleged to have resulted from, the flu vaccination administered on September 30, 2009, as alleged by petitioners in a petition for vaccine compensation filed on or about September 18, 2012, in the United States Court of Federal Claims as petition No. 12-613V.

18.  If A.E. should die prior to entry of judgment, this agreement shall be voidable upon proper notice to the Court on behalf of either or both of the parties.

19.  If the special master fails to issue a decision in complete conformity with the terms of this Stipulation or if the Court of Federal Claims fails to enter judgment in conformity with a decision that is in complete conformity with the terms of this Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

20.  This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986, as amended, except

as otherwise noted in paragraph 12 above.  There is absolutely no agreement on the part of the parties hereto to make any payment or to do any act or thing other than is herein expressly stated and clearly agreed to.  The parties further agree and understand that the award described in this Stipulation may reflect a compromise of the parties' respective positions as to liability and/or amount of damages, and further, that a change in the nature of the injury or condition or in the items of compensation sought, is not grounds to modify or revise this agreement.

21.  Petitioners hereby authorize respondent to disclose documents filed by petitioners in this case consistent with the Privacy Act and the routine uses described in the National Vaccine Injury Compensation Program System of Records, No. 09-15-0056.

22.  This Stipulation shall not be construed as an admission by the United States or the Secretary of Health and Human Services that the Flu vaccine caused A.E. to suffer ADEM or any other injury or condition.

23.  All rights and obligations of petitioners hereunder shall apply equally to petitioners' heirs, executors, administrators, successors, and/or assigns as legal representatives of A.E.

END OF STIPULATION

/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/

7

Respectfully submitted,

**PETITIONER:**

_____
PATRICK EDWARDS

**PETITIONER:**

_____
JEANNETTE EDWARDS

**ATTORNEY OF RECORD FOR
PETITIONERS:**

_____
MINDY MICHAELS ROTH, ESQ.
BRITCHER, LEONE & ROTH, L.L.C.
175 Rock Road
Glen Rock, NJ 07452
(201) 444-1644

**AUTHORIZED REPRSENTATIVE
OF THE ATTORNEY GENERAL:**

_____
VINCENT J. MATANOSKI
Deputy Director
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146

**AUTHORIZED REPRESENTATIVE
OF THE SECRETARY OF HEALTH
AND HUMAN SERVICES:**

_____
A. MELISSA HOUSTON, M.D., M.P.H., FAAP
Acting Director, Division of Vaccine
Injury Compensation (DVIC)
Acting Director, Countermeasures Injury
Compensation Program (CICP)
Healthcare Systems Bureau
U.S. Department of Health
and Human Services
5600 Fishers Lane
Parklawn Building, Mail Stop 11C-26
Rockville, MD 20857

Dated: **9|10|14**

**ATTORNEY OF RECORD FOR
RESPONDENT:**

_____
ALEXIS B. BABCOCK
Senior Trial Attorney
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146
Tel: (202) 616-7678